D. Maimon Kirschenbaum
JOSEPH & KIRSCHENBAUM LLP
233 Broadway, 5th Floor
New York, NY 10279
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Named Plaintiffs, proposed FLSA Collective Plaintiffs, and proposed Class*



14 CV 9189

JUDGE FAILLA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SISOIS GIANNAKOS and DEJAN
STEFANOV, on behalf of themselves and
others similarly situated,

              Plaintiffs,

    v.

WEST 44TH STREET RESTAURANT LLC,
d/b/a KELLARI TAVERNA and STAVROS
AKTIPIS,

              Defendants.
-----------------------------------------------------------x

INDEX NO.

COMPLAINT

FLSA COLLECTIVE ACTION AND
RULE 23 CLASS ACTION

DEMAND FOR JURY TRIAL

1. Plaintiffs, on behalf of themselves and all others similarly situated, allege as follows:

## JURISDICTION AND VENUE

2. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3.      Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

4.      All Defendants are hereinafter collectively referred to as "Defendants."

5.      Defendant West 44th Street Restaurant LLC, is a New York corporation which operates Kellari Taverna Restaurant, located at 19 West 44th Street in Manhattan. Upon information and belief, Kellari Taverna has an annual gross volume of sales in excess of $500,000.

6.      Defendant Stavros Aktipis is the owner of West 44th Street Restaurant LLC and is actively involved in the management Kellari Taverna Restaurant. He has ultimate authority over employees' rates of pay, schedules, hiring and firing, and maintenance of employment records. Defendant Aktipis exercises sufficient control of each restaurant's day to day operations to be considered an employer of Plaintiffs and those similarly situated under the FLSA and New York Labor Law.

7.      Plaintiff Sisois Giannakos has been employed as a server and expeditor at Kellari Taverna from July 5, 2012 to the present.

8.      Plaintiff Dejan Stefanov has been employed as a server at Kellari Taverna from August 2012 to the present.

## FLSA COLLECTIVE ACTION ALLEGATIONS

9.     Plaintiffs bring the First and Second Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all front-of-the-house tipped employees, including bussers, runners and servers, employed by Defendants on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

10.    At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the legally required minimum wage for all hours worked and allowing non-tipped employees to share in their tips. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

11.    The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

12.    Plaintiffs bring the state law Claims for Relief (Third, Fourth, Fifth, and Sixth, Claims for Relief) pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all back-of-house non-management employees of Defendants at any New York location

on or after the date that is six years before the filing of the Original Complaint in this case as defined herein (the "Class Period").

13. All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

14. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendant, upon information and belief, there are more than fifty (50) members of the Class.

15. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage, overtime compensation, and illegal retention of tips. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

16.     Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

17.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In

addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

18. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

19. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a) Whether Defendants employed Plaintiffs and the Class members within the meaning of the New York law.

    b) At what common rate, or rates subject to common methods of calculation, was and is Defendants required to pay Plaintiffs and the Class members for their work.

    c) Whether Defendants paid Plaintiffs and the Class members the federal and state minimum wage for all hours worked.

    d) Whether Defendants properly compensated Plaintiffs and Class members for overtime.

    e) Whether Defendants illegally retained portions of Plaintiffs' tips and the Class members' tips.

    f) Whether Plaintiffs and Class members were forced to share their tips with

parties who are not entitled to their tips.

g) Whether Defendants provided Plaintiffs and Class members with the proper notices.

## FACTS

20. Plaintiffs' Consent to Sue forms are attached as Exhibit A.

21. Defendants committed the following alleged acts knowingly, intentionally and willfully.

22. Defendants unlawfully paid the Plaintiffs and Class Members an hourly rate below the federal and state minimum wage for regular and overtime hours worked.

23. Defendants were not entitled to reduce the minimum wage by applying the tip credit allowance that is available cases under 29 U.S.C 203(m) and 12 N.Y.C.R.R. § 137-1.5 because Defendants: (a) misappropriated portions of Plaintiffs' and Class Members' tips, and (b) did not provide appropriate notice of the tip credit. The misappropriation of tips and failure to provide appropriate notice of the tip credit also violated New York Labor Law.

24. Specifically, Plaintiffs are required to pool their tips with an expediter, bread cutter, and a "sorter." All of these employees work at the back-of-the-house and do not participate in service.

25. For private events, Plaintiffs receive a flat rate per party.

26. Defendants pay Plaintiffs one and a half times the tipped minimum wage for hours worked in excess of forty per week, and do not factor Plaintiffs' party pay into the overtime rate.

27. When a customer walks out of the restaurant without paying his or her bill, Defendants deduct an amount equal to the customer's bill from Plaintiffs' pay.

7

28. Defendants did not provide Plaintiff, the FLSA Collective Plaintiffs and members of the Class with the appropriate notices under New York Labor Law § 195.

## FIRST CLAIM FOR RELIEF
### (FLSA Minimum Wage Violations, 29 U.S.C. §§ 201, *et seq.*)
### (Brought By Plaintiff on Behalf of Themselves and the FLSA Collective Plaintiffs)

29. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

30. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed, "employee[s]," including Plaintiffs.

31. Throughout the statute of limitations period covered by these claims, Defendants knowingly failed to pay Plaintiffs the federal minimum wage for each hour worked.

32. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*)
### (Brought By Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)

33. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

34. Throughout the statute of limitations period covered by these claims, Plaintiffs regularly worked in excess of forty (40) hours per workweek.

35. At all relevant times, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Plaintiffs at one and one half times their hourly rate for work in excess of forty (40) hours per workweek and willfully failing to keep records required by the FLSA and relevant regulations even though the Plaintiffs had been entitled to overtime.

36. Plaintiffs, on behalf of themselves the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
### (New York State Minimum Wage Violations, N.Y. Lab. L. §§ 650 *et seq.*)
### (Brought By Plaintiffs on Behalf of Themselves and the Class)

37. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

38. Defendants knowingly failed to pay Plaintiffs the New York State minimum wage.

39. Defendants did not pay Plaintiffs the New York minimum wage for all hours worked.

40. Defendants' failure to pay Plaintiffs the New York minimum wage was willful.

41. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## FOURTH CLAIM FOR RELIEF
(New York State Overtime Violations, N.Y. Lab. L. §§ 650 *et seq.*
N.Y. Comp. Codes R. & Regs. Tit. 12, §§ 146-1.4, 137-1.3)
(Brought By Plaintiffs on Behalf of Themselves
and the Class)

42. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

43. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

44. Defendants willfully, regularly and repeatedly failed to pay Plaintiffs at the required overtime rate of one-and-one-half times their hourly rate for hours worked in excess of forty (40) hours per workweek.

45. As a result of Defendants' willful and unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## FIFTH CLAIM FOR RELIEF
(Illegal Deductions from Gratuities, N.Y. Lab. L. §§ 193, 196-d and 198-b)
(Brought by Plaintiffs on Behalf of Themselves and the Class)

46. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

47. Defendants willfully retained and continue to retain portions of Plaintiffs' tips and Class members' tips.

48. As a result of Defendants' willful and unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be

10

determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### SIXTH CLAIM FOR RELIEF
### (New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)
### (Brought By Plaintiffs on Behalf of Themselves and the Class)

49. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

50. Defendants did not provide Plaintiffs and members of the Class with the notices required by N.Y. Lab. Law § 195.

51. As a result of Defendants' willful and unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs and members of the Class, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

C. Designation of this action as a class action pursuant to F.R.C.P. 23.

D.  Designation of Plaintiffs as Representatives of the Class.

E.  An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

F.  Penalties available under applicable laws;

G.  Costs of action incurred herein, including expert fees;

H.  Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

I.  Pre-Judgment and post-judgment interest, as provided by law; and

J.  Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated:  New York, New York
        November __, 2014

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: _____
D. Maimon Kirschenbaum
233 Broadway, 5th Floor
New York, NY 10279
Tel: (212) 688-5640
Fax: (212) 688-2548

*Attorneys for Named Plaintiffs, proposed FLSA Collective Plaintiffs, and proposed Class*

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which he has a right to jury trial.